IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **G&H DIVERSIFIED MANUFACTURING, LP,** § § § | |
| Plaintiff, § § | |
| v. § § | Civil Action No. 3:20-cv-376 |
| **DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC.,** § § § | JURY TRIAL DEMANDED |
| Defendants. § § § | |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff G&H Diversified Manufacturing, LP ("G&H") files this Complaint seeking a Declaratory Judgment against Defendants DynaEnergetics Europe GmbH or DYNAenergetics US, Inc. (collectively, "DynaEnergetics"), and states as follows:

**I.   THE PARTIES**

1. G&H Diversified Manufacturing, LP ("G&H") is a Texas limited partnership organized under the laws of Texas with its principal place of business at 11927 Tanner Road Drive, Houston, Texas 77041.

2. On information and belief, Defendant DynaEnergetics Europe GmbH ("DynaEnergetics Europe") is a corporation organized under the laws of Germany, with its headquarters at Kaiserstrasse 3, 53840 Troisdorf, Germany.

3. On information and belief, Defendant DYNAenergetics US, Inc. ("DYNAenergetics US") is a corporation organized under the laws of the State of Colorado, with its headquarters at 2050 W. Sam Houston Pkwy S., Suite 1750, Houston, TX 77042-3659.

1

DYNAenergetics US can be served with process by serving its registered agent, National Registered Agents, Inc., 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## II.     JURISDICTION AND VENUE

4.      Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, G&H seeks a declaratory judgment that that it has not infringed and is not infringing U.S. Patent No. 10,844,697 ("the '697 Patent"), which is purported to be owned by Defendant DynaEnergetics Europe and exclusively licensed to DYNAenergetics US, under the Patent Laws of the United States, Title 35 of the United States Code, and that pre-issuance damages under 35 U.S.C. § 154(d) for any alleged infringement of the '697 Patent are not available to Defendants DynaEnergetics Europe and DYNAenergetics US.

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because G&H's claims for declaratory relief arise under 35 U.S.C. § 101, *et seq*.

6.      This Court has personal jurisdiction over DYNAenergetics US because DYNAenergetics US has its principal place of business in this district.

7.      This court has personal jurisdiction over DynaEnergetics Europe because DynaEnergetics Europe has regular and established contacts with this District, including through the exclusive licensing of the '697 Patent at issue and its other U.S. patents to an affiliated entity, DYNAenergetics US, that is headquartered in this District.  Additionally, DynaEnergetics Europe is currently availing itself of this Court's jurisdiction in other patent cases, involving different patents, involving perforating gun technology, including Case No. 4:17-cv-3784 and 4:20-cv-2123, which were filed by DynaEnergetics Europe and are still pending in this District.

8.      Venue is proper in this judicial district as to DYNAenergetics US under 28 U.S.C. §§ 1391(b) and 1400(b) because DYNAenergetics US has its principal place of business in this

district.

9. Venue is proper in this judicial district as to DynaEnergetics Europe because DynaEnergetics Europe is a foreign corporation within the personal jurisdiction of this Court.

### III.  BACKGROUND FACTS

10. G&H's president, Mr. Jimmy Kash, received a letter from DynaEnergetics Europe dated September 11, 2020, alleging that G&H's "Pre-Wired Perforating Gun" product would be "encompassed by" then-pending U.S. Patent Application No. 16/585,790 ("the '790 Application"), which DynaEnergetics Europe purported to own. In this letter, DynaEnergetics Europe demanded that G&H confirm in writing by September 25, 2020, that G&H would cease "importing, making, using, marketing, promoting, selling, or offering for sale" the Pre-Wired Perforating Gun product in the United States. DynaEnergetics Europe stated that it intended for the letter to serve "as notice of the existence of DynaEnergetics' patent rights for the purpose of determining enhanced treble damages, punitive damages, and/or attorney's fees" and that DynaEnergetics "fully intends to protect its patented technology by all available legal remedies should your company continue to fail to respect DynaEnergetics' intellectual property rights."

11. On information and belief, the U.S. Patent and Trademark Office subsequently issued the '790 Application as U.S. Patent No. 10,844,697, the patent at issue in this Complaint. The '697 Patent bears an issuance date of November 24, 2020.

12. Based on the letter from DynaEnergetics Europe dated September 11, 2020, there is a definite and concrete dispute as to whether or not G&H's "Pre-Wired Perforating Gun" product infringes the '697 Patent, and whether pre-issuance damages are available to Defendants.

13. G&H respectfully files this Complaint for Declaratory Judgment seeking the following declaratory relief.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,844,697

14. G&H incorporates each of the allegations of paragraphs 1-13 above.

15. On information and belief, DynaEnergetics Europe claims to be the owner of the '697 Patent, which is titled "Perforation Gun Components and System" and is attached hereto as Exhibit 1.

16. On information and belief, DYNAenergetics US claims to be the exclusive licensee of the '697 Patent.

17. G&H's "Pre-Wired Perforating Gun" products do not satisfy each and every element of any of the claims of the '697 Patent. As a result, G&H's "Pre-Wired Perforating Gun" products do not infringe any claim of the '697 Patent.

18. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202. Based on the foregoing, a justiciable controversy exists between G&H and DynaEnergetics as to whether G&H's "Pre-Wired Perforating Gun" products infringe the '697 Patent. Absent a declaration of non-infringement, DynaEnergetics will continue to wrongfully allege that G&H's "Pre-Wired Perforating Gun" products infringe the '697 Patent and thereby cause G&H irreparable injury and damage. As a result, the controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement, and such a judicial declaration is necessary and appropriate so that G&H may ascertain its rights regarding its "Pre-Wired Perforating Gun" products and the '697 Patent.

19. For the above reasons, G&H is entitled to a judicial determination and declaration that G&H has not infringed any claim of the '697 Patent.

## COUNT II: DECLARATORY JUDGMENT THAT PRE-ISSUANCE DAMAGES ARE NOT AVAILABLE FOR U.S. PATENT NO. 10,844,697

20. G&H incorporates each of the allegations of paragraphs 1–19 above.

21. Although the '697 Patent only recently issued on November 24, 2020, on information and belief, DynaEnergetics believes that it is entitled to pre-issuance damages for patent infringement under 35 U.S.C. § 154(d).

22. The invention, as claimed in the '697 Patent as issued, is not substantially identical to the invention as claimed in the published patent application, as required for pre-issuance damages under 35 U.S.C. § 154(d).

23. Accordingly, there is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.  Based on the foregoing, a justiciable controversy exists between G&H and DynaEnergetics as to whether DynaEnergetics is entitled to pre-issuance damages under 35 U.S.C. § 154(d).  Absent a declaration that pre-issuance damages are not available, DynaEnergetics will continue to wrongfully allege that it is entitled to pre-issuance damages and thereby cause G&H irreparable injury and damage.  As a result, the controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that pre-issuance damages are not available under the law, and such a judicial declaration is necessary and appropriate so that G&H may ascertain its rights regarding its "Pre-Wired Perforating Gun" products and the '697 Patent.

24. For the above reasons, G&H is entitled to a judicial determination and declaration that DynaEnergetics is not entitled to pre-issuance damages under 35 U.S.C. § 154(d).

**WHEREFORE,** G&H respectfully requests that the Court enter a judgment in its favor and against DynaEnergetics as follows:

a) Entry of an Order of this Court declaring that G&H has not infringed and is not

      infringing any claim of the '697 Patent; and

b)  Entry of an Order of this Court declaring that DynaEnergetics is not entitled to pre-issuance damages under 35 U.S.C. § 154(d) with respect to the '697 Patent.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.

Dated: December 14, 2020

Respectfully submitted,

*/s/ Amir Alavi*
Amir Alavi
State Bar No. 00793239
Todd Mensing
State Bar No.: 24013156
Michael McBride
State Bar No. 24065700
Colin Phillips
State Bar No. 24105937
AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING, P.C.
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
tmensing@azalaw.com
aalavi@azalaw.com
mmcbride@azalaw.com
cphillips@azalaw.com

*Attorneys for G&H Diversified Manufacturing, LP.*