**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| G&H DIVERSIFIED MANUFACTURING, LP<br>  Plaintiff and Counterclaim-Defendant,<br><br>and<br><br>YELLOW JACKET OIL TOOLS, LLC<br>  Counterclaim-Defendant<br><br>  v.<br><br>DYNAENERGETICS EUROPE GMBH, and<br>DYNAENERGETICS US, INC.,<br><br>  Defendants and Counterclaim-<br>Plaintiffs. | Civil Action No: 3:20-CV-376 |

**DYNAENERGETICS EUROPE GMBH AND DYNAENERGETICS US, INC.'S**
**ANSWER TO COMPLAINT AND COUNTERCLAIM**

Defendants DynaEnergetics US, Inc. ("DynaEnergetics US") and DynaEnergetics Europe GmbH ("DynaEnergetics Europe") (collectively "DynaEnergetics" or "Defendants"), by and through counsel, hereby respond to the numbered paragraphs of G&H Diversified Manufacturing, LP's ("G&H" or "Plaintiff") Complaint for Declaratory Judgment.

## I. THE PARTIES

1. DynaEnergetics lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1, and therefore denies the same.

2. DynaEnergetics admits the allegations in Paragraph 2.

1

3.       DynaEnergetics admits the allegations in Paragraph 3.

## II.       JURISDICTION AND VENUE

4.       DynaEnergetics admits that G&H's Complaint purports to state a claim for declaratory judgment that it does not infringe U.S. Patent No. 10,844,697 ("the '697 Patent") but denies that G&H's claim has any merit.  DynaEnergetics Europe admits that it is the owner of the '697 Patent.  DynaEnergetics denies the remaining allegations of Paragraph 4.

5.       DynaEnergetics denies the allegations in Paragraph 5.  Plaintiff's jurisdictional allegations were premised on a false representation that DynaEnergetics sent a letter on September 11, 2020 to G&H, therefore there was no subject matter jurisdiction at the time Plaintiff filed suit.  However, Plaintiff has now represented that it bears responsibility for the manufacture and/or sale of the infringing products, and therefore DynaEnergetics does not contest subject matter jurisdiction but contends that this action should not proceed or should be transferred in light of the first-filed Western District of Texas action.[1] *See* D.I. 16.

6.       DynaEnergetics US's headquarters is located within this District.  DynaEnergetics US admits that the Court has personal jurisdiction but contends that this action should not proceed or should be transferred in light of the first-filed Western District of Texas action. *See* D.I. 16.  Except as expressly admitted, DynaEnergetics denies the remaining allegations of Paragraph 6.

_____

[1] *See DynaEnergetics Europe GmbH v. Yellow Jacket Oil Tools, LLC*, Case No. 6:20-cv-01110-ADA (WDTX), Dkt. Nos. 1, 17 (Complaint and First Amended Complaint).

7.     DynaEnergetics Europe admits that the Court has personal jurisdiction and that it is a plaintiff in other cases in this District, including Case Nos. 4:17-cv-3784 and 4:20-cv-2123, but contends that this action should not proceed or should be transferred in light of the first-filed Western District of Texas action. *See* D.I. 16. Except as expressly admitted, DynaEnergetics denies the remaining allegations of Paragraph 7.

8.     DynaEnergetics US admits that venue is proper in this judicial district but contends that this action should not proceed or should be transferred in light of the first-filed Western District of Texas action. *See* D.I. 16.  Except as expressly admitted, DynaEnergetics denies the remaining allegations of Paragraph 8.

9.     DynaEnergetics Europe admits that venue is proper in this judicial district but contends that this action should not proceed or should be transferred in light of the first-filed Western District of Texas action. *See* D.I. 16.  Except as expressly admitted, DynaEnergetics denies the remaining allegations of Paragraph 9.

## III.     BACKGROUND FACTS

10.     DynaEnergetics denies the allegations of Paragraph 10. DynaEnergetics did not send any letter addressed to G&H. DynaEnergetics sent a letter addressed to Mr. Jimmy Kash as the president of Yellow Jacket Oil Tools ("Yellow Jacket") on September 11, 2020 that alleged that Yellow Jacket's Pre-Wired Perforating Gun would be encompassed by then-pending U.S. Patent Application No. 16/585,790 and that the corresponding patent was expected to issue imminently. In that letter, DynaEnergetics requested that Yellow Jacket confirm in writing that Yellow Jacket

would cease importing, making, using, marketing, promoting, selling, or offering for sale Yellow Jacket's Pre-Wired Perforating Gun product in the United States. The letter addressed to Yellow Jacket did state that it served "as notice of the existence of DynaEnergetics' patent rights for the purpose of determining enhanced treble damages, punitive damages, and/or attorney's fees" and stated that DynaEnergetics "fully intends to protect its patented technology by all available legal remedies should your company continue to fail to respect DynaEnergetics' intellectual property rights."

11.     DynaEnergetics admits the allegations in Paragraph 11.

12.     DynaEnergetics denies the allegations in Paragraph 12.

13.     DynaEnergetics admits that G&H's Complaint purports to state a claim for declaratory relief but denies that G&H's claim has any merit. Except as expressly admitted, DynaEnergetics denies the remaining allegations of Paragraph 13.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,844,697

14.     DynaEnergetics restates and incorporates each of its responses in the preceding paragraphs as if fully stated herein.

15.     DynaEnergetics Europe admits that it is the owner of the '697 Patent titled "Perforation Gun Components and System." DynaEnergetics admits that Exhibit 1 attached to the Complaint (D.I. 4-2) purports to be a copy of the '697 Patent. Except as expressly admitted, DynaEnergetics denies the remaining allegations of Paragraph 15.

16.     DynaEnergetics US admits that it is the exclusive licensee of the '697 Patent.

17.     DynaEnergetics denies the allegations in Paragraph 17.

18.     DynaEnergetics denies the allegations in Paragraph 18.

19.     DynaEnergetics denies the allegations in Paragraph 19.

### COUNT II: DECLARATORY JUDGMENT THAT PRE-ISSUANCE DAMAGES ARE NOT AVAILABLE FOR U.S. PATENT NO. 10,844,697

20.     DynaEnergetics restates and incorporates each of its responses in the preceding paragraphs as if fully stated herein.

21.     DynaEnergetics admits that the '697 Patent issued on November 24, 2020 and that DynaEnergetics is entitled to pre-issuance damages for patent infringement under 35 U.S.C. § 154(d).  Except as expressly admitted, DynaEnergetics denies the remaining allegations of Paragraph 21.

22.     DynaEnergetics denies the allegations in Paragraph 22.

23.     DynaEnergetics denies the allegations in Paragraph 23.

24.     DynaEnergetics denies the allegations in Paragraph 24.

DynaEnergetics denies that G&H is entitled to any of the requested relief.

### COUNTERCLAIM

Defendants  and  Counterclaim-Plaintiffs  DynaEnergetics  US,  Inc. ("DynaEnergetics US") and DynaEnergetics Europe GmbH ("DynaEnergetics Europe") (collectively "DynaEnergetics" or "Counterclaim-Plaintiffs"), by and through counsel, assert the following counterclaim for patent infringement against

Plaintiff and Counterclaim-Defendant G&H Diversified Manufacturing, LP's ("G&H") and Counterclaim-Defendant Yellow Jacket Oil Tools, LLC ("Yellow Jacket") (collectively, "Counterclaim-Defendants").[2]

## THE PARTIES

1.     Defendant and Counterclaim-Plaintiff DynaEnergetics Europe is a corporation organized under the laws of Germany, with its headquarters at Kaiserstrasse 3, 53840 Troisdorf, Germany.

2.     Defendant and Counterclaim-Plaintiff DynaEnergetics US is a corporation organized under the laws of the State of Colorado, with its headquarters at 2050 W. Sam Houston Parkway S., Suite 1750, Houston, TX 77042-3659. DynaEnergetics US has a regular and established place of business in the Western District of Texas as 3580 HCR 1145 Loop North, Blum, TX 76627.

3.     Upon information and belief, Plaintiff and Counterclaim-Defendant G&H is a Texas limited partnership with its principal place of business at 11927 Tanner Rd, Houston, TX 77041-6703. On its website, G&H also lists 11660 Brittmoore Park Dr., Houston, Texas 77041-6917 as an address for its headquarters.

4.     Upon information and belief, Counterclaim-Defendant Yellow Jacket is a Texas limited liability company with a registered address of 11660 Brittmore Park Dr., Houston, Texas 77041-6917.  On its website, also lists 11670 Brittmore Park Dr.,

---

[2] This counterclaim for infringement is compulsory under Fed. R. Civ. P. 13(a). *See Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003). By bringing this compulsory counterclaim, DynaEnergetics does not waive its challenge to the most convenient and appropriate venue for this action, which DynaEnergetics contends is the Western District of Texas. *See* D.I 16.

Houston, Texas 77041-6917 as an address for its headquarters. Counterclaim-Defendant Yellow Jacket may be served with process at 11927 Tanner Road, Houston, TX, 77041, to its registered agent or as otherwise authorized under applicable law.

5.      Upon information and belief, Counterclaim-Defendants have regular and established places of business throughout Texas and in this District, including at 11660 Brittmoore Park Dr., Houston, Texas 77041-6917 (G&H) and 11670 Brittmoore Park Dr., Houston, Texas 77041 (Yellow Jacket). Counterclaim-Defendants list these offices on their websites. However, Counterclaim-Defendants also have regular and established places of business throughout the Western District of Texas, including at 4608 S County Road 1310, Odessa, TX 79765.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

7.      For purposes of this Counterclaim, DynaEnergetics states that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq.* However, DynaEnergetics contends that this declaratory judgment action should not proceed or should be transferred in light of the first-filed Western District of Texas action. *See* D.I. 16.

8.      For purposes of this Counterclaim, DynaEnergetics states that this Court has personal jurisdiction over Counterclaim-Defendants in this District because Counterclaim-Defendants have principal places of business located within this District

and because Counterclaim-Defendants actively and regularly conduct business within the State of Texas and within this District.  Counterclaim-Defendants have represented that Yellow Jacket is owned and controlled by G&H.  Further, upon information and belief, infringement is occurring within the State of Texas and this District through Counterclaim-Defendants' manufacture and distribution of the "YJOT Pre-Wired Perforating Gun" at their Texas manufacturing and distribution facilities, and within the State of Texas and this District through Counterclaim-Defendants' sales of or offers to sell the YJOT Pre-Wired Perforating Gun.  However, DynaEnergetics contends that this declaratory judgment action should not proceed or should be transferred in light of the first-filed Western District of Texas action. *See* D.I. 16.

9.    Defendants also have regular and established places of business located within the Western District of Texas and Defendants actively and regularly conduct business within the Western District of Texas. Further, upon information and belief, infringement is occurring within the Western District of Texas through Defendants' manufacture and distribution of the "YJOT Pre-Wired Perforating Gun" at their Texas manufacturing and distribution facilities, and within the Western District of Texas through Defendants' sales of or offers to sell the YJOT Pre-Wired Perforating Gun. Specifically, upon information and belief, Defendants have manufactured, distributed, sold, and/or offered to sell the YJOT Pre-Wired Perforating Gun to customers for use throughout the Permian Basin in Texas, which is primarily located within the Western District of Texas, including in Andrews, Crane, Ector, Jeff Davis, Loving, Martin, Midland, Pecos, Reeves, Upton, Ward, and Winkler counties. Upon information and

belief, Defendant employs at least one employee, including a Regional Service Manager, at its Odessa, TX facility, and a Sales Representative who travels to and/or sells products within the Permian Basin in furtherance of its regular and established business within the Western District of Texas.

10.     For purposes of this Counterclaim, DynaEnergetics states that venue as to Counterclaim-Defendants is thus proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).   However, DynaEnergetics contends that this declaratory judgment action should not proceed or should be transferred in light of the first-filed Western District of Texas action. *See* D.I. 16.

## FACTS

### A.   DynaEnergetics' Technology

11.     DynaEnergetics is a leader in the field of well completion, perforating, well abandonment, and seismic technologies. DynaEnergetics has a long history of technological innovation, including innovation in the manufacture of detonators, detonating cords, and perforating hardware.

12.     In connection with its research and development efforts, DynaEnergetics has developed groundbreaking inventions for a wireless detonator assembly, a pre-wired perforating gun assembly, and methods of assembling the pre-wired perforating gun assembly. These inventions are currently protected by multiple United States patents, including U.S. Patent No. 10,844,697 (the "'697 Patent").

13.     The '697 Patent, entitled "PERFORATION GUN COMPONENTS AND SYSTEM," was duly and legally issued on November 24, 2020 to DynaEnergetics

Europe GmbH.  A true and accurate copy of the '697 Patent is attached hereto and incorporated herein by reference as Exhibit A.

14.    DynaEnergetics makes, distributes, offers to sell, and sells perforating gun systems that practice the '697 Patent. DynaEnergetics Europe exclusively licenses DynaEnergetics US to make, distribute, offer to sell, and sell perforating gun systems that practice the '697 Patent in the United States.  DynaEnergetics has marked the covered products in accordance with 35 U.S.C. § 287.

15.    Claim 1 of the '697 Patent recites:

1. An electrical connection assembly for establishing an electrical connection in a tool string, the electrical connection assembly comprising:

a tandem seal adapter having a first end, a second end and a bore that extends from the first end to the second end and entirely through the tandem seal adapter;

a perforation gun system comprising a first outer gun carrier, a shaped charge, and a first detonator, wherein the shaped charge and the first detonator are positioned within the first outer gun carrier, wherein the first outer gun carrier is connected to the first end of the tandem seal adapter; and

a pressure bulkhead having an outer surface, a first end and a second end, the outer surface of the pressure bulkhead is sealing received in the bore of the tandem seal adapter, the pressure bulkhead also having a pin connector assembly extending through the pressure bulkhead from a first pin connector end to a second pin connector end, and configured to relay an electrical signal from the first end of the pressure bulkhead to the second end of the pressure bulkhead, wherein the first pin connector

10

end extends beyond the first end of the pressure bulkhead and the second pin connector end extends beyond the second end of the pressure bulkhead, wherein

the first detonator is in electrical communication with the pin connector assembly, wherein the tandem seal adapter and the pressure bulkhead are configured to provide a seal between the detonator and an environment on the second end of the tandem seal adapter.

**B.     G&H and Yellow Jacket**

16.     Counterclaim-Defendants are competitors of DynaEnergetics, including in the field of perforating systems.  Counterclaim-Defendants have, upon information and belief, either alone or in concert, manufactured, distributed, sold, or offered to sell the YJOT Pre-Wired Perforating Gun in the United States, including within the State of Texas and within this District.

17.     Upon information and belief, Yellow Jacket is wholly owned by G&H. Ex. B (Decl. of John Kaiser, Case No. 6:20-cv-01110-ADA (WDTX), Dkt. 16-1 ¶ 4). Yellow Jacket was formed in 2015 under the name Yellow Jacket Equipment LLC, which was later amended in 2019 to Yellow Jacket Oil Tools, LLC.  *Id.* ¶¶ 5-6. G&H is Yellow Jacket's managing and sole member.  G&H and Yellow Jacket share a CEO, President, Vice President of Sales, CFO, Director of Supply Chain, Director of Business Systems, and HR Manager.  *Compare* Ex. C *with* Ex. D.  Upon information and belief, Yellow Jacket additionally functions as an alter ego of G&H.

18.     Yellow Jacket, either on its own or as an alter ego of G&H, describes and provides photos of the YJOT Pre-Wired Perforating Gun on its website at www.yjoiltools.com/Perforating-Guns/Pre-Wired-Perforating-Gun. A copy of Yellow

11

Jacket's website advertising the YJOT Pre-Wired Perforating Gun and the corresponding photos (as accessed on March 8, 2021) is attached hereto and incorporated herein by reference as Exhibit E.

19.     Yellow Jacket's website also provides a downloadable PDF containing specifications for the YJOT Pre-Wired Perforating Gun. A copy of Yellow Jacket's downloadable PDF specifications for the YJOT Pre-Wired Perforating Gun (as downloaded on March 8, 2021) is attached hereto and incorporated herein by reference as Exhibit F.

20.     The YJOT Pre-Wired Perforating Gun infringes one or more claims of the '697 Patent, including at least each and every element of Claim 1 either literally or equivalently.

21.     The YJOT Pre-Wired Perforating Gun either literally or equivalently contains an electrical connection assembly for establishing an electrical connection in a tool string. An example of this is shown in the below photo from Exhibit F, and from the below still image of a video displaying the YJOT Pre-Wired Perforating Gun, previously available at  https://www.youtube.com/watch?v=Hm4vE46ZgK0[3] (last accessed November 24, 2020) (annotations added).

---

[3] On at least November 24, 2020, the YouTube video displaying the YJOT Pre-Wired Perforating Gun was active. However, Counterclaim-Defendants appear to have removed the video since that time and this link is no longer active.





22.     The electrical connection assembly in the YJOT Pre-Wired Perforating Gun either literally or equivalently comprises a tandem seal adapter having a first end, a second end and a bore that extends from the first end to the second end and entirely through the tandem seal adapter. The tandem seal adapter, as shown in the still image above, connects the top end and bottom end of successive gun assemblies.

23.     The electrical connection assembly in the YJOT Pre-Wired Perforating Gun either literally or equivalently comprises a perforation gun system comprising a first outer gun carrier, a shaped charge, and a first detonator, wherein the shaped charge and the first detonator are positioned within the first outer gun carrier, wherein the first

outer gun carrier is connected to the first end of the tandem seal adapter. An example of this is shown in the below photo from Exhibit E, which shows the YJOT Pre-Wired Perforating Gun outer gun carrier, an assembly including a carrier for housing a shaped charge and a first detonator (not shown).  The opening to receive the detonator, which is on the side not shown in the first image below, is shown in the below still image from the video of the YJOT Pre-Wired Perforating Gun previously available at https://www.youtube.com/watch?v=Hm4vE46ZgK0 (last accessed November 24, 2020) (annotations added). The YJOT Pre-Wired Perforating Gun assembly is positioned within the outer gun carrier, wherein the outer gun carrier is connected to the first end of the tandem seal adapter (not shown in the figures below).





24.     The electrical connection assembly in the YJOT Pre-Wired Perforating Gun either literally or equivalently comprises a pressure bulkhead having an outer surface, a first end and a second end, the outer surface of the pressure bulkhead is sealing received in the bore of the tandem seal adapter, the pressure bulkhead also having a pin connector assembly extending through the pressure bulkhead from a first pin connector end to a second pin connector end, and configured to relay an electrical signal from the first end of the pressure bulkhead to the second end of the pressure bulkhead, wherein the first pin connector end extends beyond the first end of the pressure bulkhead and the second pin connector end extends beyond the second end of the pressure bulkhead. As noted in the below description and photo from Exhibit F, the YJOT Pre-Wired Perforating Gun has pre-installed wires connecting to "a plunging gun contact that mates directly to the conventional pressure or pass-thru switch in the sub above." That description of the YJOT Pre-Wired Perforating Gun indicates that it

15

comprises a pressure bulkhead received in the bore of the tandem seal adapter and having a pin connector assembly extending through the pressure bulkhead from a first pin connector end to a second pin connector end that is configured to relay an electrical signal from the first end of the pressure bulkhead to the second end of the pressure bulkhead, wherein the first pin connector end extends beyond the first end of the pressure bulkhead and the second pin connector end extends beyond the second end of the pressure bulkhead.  This configuration is also shown in the below still images from the video of the YJOT Pre-Wired Perforating Gun previously available at https://www.youtube.com/watch?v=Hm4vE46ZgK0 (last accessed November 24, 2020) (annotations added).



**Faster assembly**
• Lead and ground wires pre-installed

• Lead wire is connected to a plunging gun contact that mates directly to the conventional pressure or pass-thru switch in the sub above

Top End

Plunging gun contact to connect directly to conventional pressure or pass-thru switch in sub above



25.     The electrical connection assembly in the YJOT Pre-Wired Perforating Gun either literally or equivalently comprises the first detonator being in electrical communication with the pin connector assembly, wherein the tandem seal adapter and the pressure bulkhead are configured to provide a seal between the detonator and an environment on the second end of the tandem seal adapter.

26.     Counterclaim-Defendant Yellow Jacket has known of the '697 Patent and its own infringing activities since at least as early as December 4, 2020, the filing date of the Western District of Texas action.   Further, on September 11, 2020, DynaEnergetics put Counterclaim-Defendant Yellow Jacket on notice of U.S. Patent Application 16/585,790 (the "'790 Application") that led to the '697 Patent.  A copy of the letter sent to Counterclaim-Defendant Yellow Jacket on September 11, 2020 is attached hereto and incorporated herein by reference as Exhibit G.  The claims in the

published '790 Application are identical to the claims that actually issued in the '697 Patent.  Counterclaim-Defendant Yellow Jacket has been on notice of the claims that issued in the '697 Patent since at least as early as September 11, 2020.  Additionally, Counterclaim-Defendant G&H has represented that it interpreted the September 11, 2020 letter to Yellow Jacket as a threat of infringement against G&H, despite the letter not being sent to G&H, and thus Counterclaim-Defendant G&H has been on notice of the claims that issued in the '697 Patent since at least as early as September 11, 2020.  Moreover, according to Counterclaim-Defendants, Yellow Jacket operates as an alter ego of G&H and thus both Counterclaim-Defendants were on notice of the claims that issued in the '697 Patent since at least as early as September 11, 2020.  Counterclaim-Defendants did not respond to the September 11, 2020 letter nor have they ceased their infringing activity.

27.     Because Counterclaim-Defendants are using infringing technology to compete directly with DynaEnergetics, it is causing irreparable harm to DynaEnergetics, thereby forcing DynaEnergetics to bring this lawsuit to protect its intellectual property.

## COUNT I – INFRINGEMENT OF THE '697 PATENT

28.     DynaEnergetics repeats and incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully herein.

29.     DynaEnergetics is the owner of the '697 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this

action and enforce the '697 Patent against infringers, and to collect damages for all relevant times.

30.     Counterclaim-Defendants have, either alone or in concert, directly infringed and continue to infringe the '697 Patent, either literally or through the doctrine of equivalents, by making, using, importing, supplying, distributing, selling and/or offering for sale the YJOT Pre-Wired Perforating Gun within the United States, in violation of 35 U.S.C. § 271(a).

31.     Upon information and belief, Counterclaim-Defendants have made and are continuing to make unlawful gains and profits from its infringement of the '697 Patent.

32.     At least as early as the filing of this complaint, Counterclaim-Defendants have been on notice of and have had knowledge of the '697 Patent and of DynaEnergetics' allegations of infringement.  Counterclaim-Defendants' infringement of the '697 Patent has been willful and deliberate at least since this date.

33.     DynaEnergetics has been damaged and irreparably harmed by Counterclaim-Defendants' infringement of the '697 Patent for which DynaEnergetics is entitled to relief under 35 U.S.C. § 284 and 35 U.S.C. § 154(d).  DynaEnergetics will continue to suffer damages and irreparable harm unless Counterclaim-Defendants' are enjoined preliminarily and permanently by this Court from continuing its infringement.

## ATTORNEYS' FEES

34.     Pursuant to 35 U.S.C. § 285, DynaEnergetics is entitled to and hereby demands its reasonable attorneys' fees in this case.

## JURY DEMAND

35.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DynaEnergetics respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, DynaEnergetics respectfully asks that the Court issue citation for Counterclaim-Defendants to appear and answer and seeks the following additional relief:

A.     that Counterclaim-Defendants be declared to have directly infringed one or more of the claims of the '697 Patent under 35 U.S.C. § 271(a);

B.     that that Court issue a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringement of the claims of the '697 Patent by Counterclaim-Defendants, its officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

C.     that the Court order an accounting for all monies received by or on behalf of Counterclaim-Defendants and all damages sustained by DynaEnergetics as a result of Counterclaim-Defendants' aforementioned infringements, that such monies and damages be awarded to DynaEnergetics, and that interest and costs be assessed against Counterclaim-Defendants pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 154(d);

D.     that the Court declare that Counterclaim-Defendants' infringement was and is willful from the time it became aware of the infringing nature of their product and award

treble damages for the period of such willful infringement of the '697 Patent, pursuant to 35 U.S.C. § 284;

  E. that the Court declare this an exceptional case and order that Counterclaim-Defendants pay to DynaEnergetics its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

  F. that the Court award such further and other relief to DynaEnergetics as the Court deems just, together with its costs and disbursements in this action.

Dated: March 8, 2021

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Barry J. Herman*

Barry J. Herman (*pro hac vice*)
Admitted to the Maryland State Bar
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com

*Attorney-in-Charge for Plaintiffs*
*DynaEnergetics GmbH & Co., KG and*
*DynaEnergetics US, Inc.*

OF COUNSEL:

WOMBLE BOND DICKINSON (US) LLP
Preston H. Heard (*pro hac*)
Georgia Bar No. 476319
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com

WOMBLE BOND DICKINSON (US) LLP
Stephanie Nguyen (*pro hac vice*)
DC Bar No. 1046300
Julie Giardina (*pro hac vice*)
Admitted to the Maryland State Bar
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5800
Email: Stephanie.Nguyen@wbd-us.com
Email: Julie.Giardina@wbd-us.com


MOYLES IP, LLC
Lisa J. Moyles (*pro hac vice*)
Connecticut State Bar No. 425652
Jason M. Rockman (*pro hac vice*)
New York Bar No. 4450953
One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com


RUSTY HARDIN & ASSOCIATES, LLP
Megan C. Moore
Federal Bar No. 963966
Texas Bar No. 24054322
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Email: mmoore@rustyhardin.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing *via* electronic mail to all counsel of record.

*/s/ Megan C. Moore*
Megan C. Moore

23