United States District Court
Southern District of Texas
**ENTERED**
March 12, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| G&H DIVERSIFIED MANUFACTURING, LP, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:20-CV-376 |
| | § | |
| | § | |
| DYNAENERGETICS EUROPE GMBH, and | § | |
| DYNAENERGETICS US, INC., | § | |
| Defendants. | § | |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under FED. R. CIV. P. 16, the Court issues the following

**DISCOVERY ORDER**:

1.  **Disclosures.** In conjunction with disclosures under FED. R. CIV. P. 26(a), and without awaiting a discovery request, each party must disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

    (e) any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

  (f)  any settlement agreements relevant to the subject matter of this action;

  (g)  any statement of any party to the litigation;

**2.** **Additional Disclosures.**

  **(a)** Each party must provide to every other party the following information:

    **(i)** the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules;

    **(ii)** to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules, within forty-five (45) days after the Scheduling Conference or the date the Scheduling Order is issued by the Court, and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action; and

    **(iii)** production of information under P.R. 3-4(c) within thirty (30) days of lifting of the Discovery Stay; within forty-five (45) days of the P.R. 3-4(c) disclosure after the Discovery Stay is lifted, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying, the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and authorizations necessary to obtain from third parties documents on which the calculations are founded

  **(b)** If feasible, counsel must meet to exchange these and any other disclosures required by this Order; otherwise, such disclosures must be served as provided by FED. R. CIV. P. 5.

  **(c)** By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials.

  **(d)** **Notification of the Court.** The parties must promptly file a notice with the Court that the disclosures required under this order have taken place, but no detail is required.

3. Testifying Experts.  By the date(s) provided in the Scheduling Order, in addition to the information provided in the Patent Rules, each party shall disclose to the other parties for each testifying expert:

    **(a)** the expert's name, address, and telephone number;

    **(b)** the subject matter on which the expert will testify;

    **(c)** the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting information such as:

    **(i)** whether the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

    **(ii)** all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    **(iii)** the expert's current resume and bibliography.

4. **Discovery Limitations**.  Discovery is limited in this case to the disclosures described in Paragraphs 1 - 3 together with, for each requesting side, 25 interrogatories; 25 requests for admissions (unlimited for purposes of authentication); 30 hours of party depositions, 30 hours of third party depositions and depositions on written questions of custodians of business records for third parties, 10 hours per inventor for each inventor listed on patent-in-suit, not to count towards party or third party limits, and expert witness depositions of up to 7 hours per report (for a total of 28 hours per side).  "Side" means a party or a group of parties with a common interest.  "Common" interrogatories and requests for admission directed to all parties on a side shall count as a single interrogatory.  If parties seek depositions of third-party witnesses or additional experts, the parties either must agree or raise the issue with the Court.

    **All discovery,** excepting (1) claim construction discovery, (2) discovery into prior art systems, and (3) an inspection of a sample of the accused infringing product, shall be stayed pending resolution of Defendants' Motion to Dismiss or in the Alternative Transfer to the Western District of Texas. The parties shall confer and enter a revised schedule within 14 days of a ruling on that motion.

5. **Privileged Information**.  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.

    **(a)**    By the date provided in the Scheduling Order, the parties must exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.

    **(b)**    If the parties have no disputes concerning privileged documents or information, then the parties must inform the Court of that fact by filing a notice within 30 days of the deadline set in the Scheduling Order for exchange of privilege logs.

    **(c)**    A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting the privilege must file with the Court within thirty (30) days of the filing of the motion to compel proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

**6.**    **Pretrial Order and Accompanying Disclosures**. By the date provided in the Scheduling Order, each party must provide to every other party the materials and disclosures regarding the evidence that the disclosing party intends to present at trial as required by the form Pretrial Order (Appendix B to the Local Rules of the Southern District of Texas), which information must include but not be limited to the following:

    **(a)**    Witness Lists: The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

    **(b)**    Deposition Designations**:** The designation of those witnesses whose testimony is expected to be presented by means of a deposition, with designations to the transcripts.

    **(c)**    Exhibit Lists and Copies: All exhibits must be pre-marked separately identifying those which the party expects to offer in its case in chief and those which the party may offer if the need arises.

    **(d)**    Objections, together with the grounds therefor, to live witnesses and deposition designations by another party under subparagraph (b) above. Objections not so disclosed are deemed waived unless excused by the Court for good cause shown.

    **(e)**    Objections, together with the grounds therefor, to authentication and/or admissibility of exhibits identified under subparagraph (c) above. Objections not so disclosed are deemed waived unless excused by the Court for good cause shown.

    **(f)**    **Legal Memoranda and Related Material:**

      **(i)**    Bench trials**:** proposed findings of fact and conclusions of law with citation to authority;

      **(ii)**    Jury trials**:** joint proposed jury instructions with citation to authority, and proposed verdict form.

**7.** **Signatures.** The disclosures required by this Order must be made electronically or in writing and signed by the party making the disclosures. **NOTE:** Signatures by the party or counsel constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

**8.** **Protective Orders.** The parties may submit a proposed protective order, preferably using the form Protective Order for use in patent cases (available at the District's website), to ensure the confidentiality of parties' materials is maintained during this case to the extent feasible. To propose modifications to the form, *see* P.R. 2-2.

**9.** **Rules of Practice**. The Federal Rules of Civil Procedure, the District's Local Rules, and the District's Local Patent Rules apply in this case, unless otherwise ordered. The District Local Rules and the Local Patent Rules are available at the District's website.

**10.** **Discovery Disputes**. Counsel are directed to adhere to procedures of the presiding judge for bringing discovery disputes to the Court's attention.

**11.** **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

**12.** **E-Filing.** Except for good cause shown or as provided in the Local Rules, <u>all documents (with the exception of correspondence and those documents referenced in the District's Local Rules) in cases pending in this Court must be filed electronically</u>. The file in each case is maintained electronically. Neither the Clerk's Office nor the Court will maintain a paper file except as provided in the District's Local Rules.

When filing electronically, the Court prefers:

    **(a)**    that documents be published to *PDF* and then filed with the Court, rather than filing scanned documents; and

    **(b)**    proposed orders be included as attachments to motions, not incorporated within the filed motion and not filed as a separate docket entry.

13. **Duty to Supplement**.   After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

14. **Courtesy Paper Copies.**   The parties must comply with the presiding judge's procedures for courtesy copies.

15. **Hearing Notebooks.**   Unless a different time or method is provided by the presiding judge or in the Scheduling Order in this case, the movant is to provide the Court, no later than 14 days before any motion hearing, an original and one copy of a hearing notebook containing all motion papers with the corresponding docket numbers on each and all pleadings and exhibits appropriately tabbed.

16. **Sealed Documents.**   The filing of sealed documents is disfavored. The Court will not seal a document *unless* the movant shows the document contains genuinely confidential or proprietary material, and otherwise meets the requirements for sealing filed documents.

Signed on this 11th day of March 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE