

womblebonddickinson.com

Womble Bond Dickinson (US) LLP

100 Light Street
26th Floor
Baltimore, MD 21202

t:  410.545.5800
f:  410.545.5801

April 1, 2021

**Via CM/ECF**

**United States District Judge Jeffrey V. Brown**
**United States District Court for the Southern District of Texas**
**601 Rosenberg Avenue, Room 613**
**Galveston, Texas 77550**

Barry J. Herman
Partner
Direct Dial: 410-545-5830
Direct Fax: 443-769-15301
E-mail: Barry.Herman@wbd-us.com

**Re:**   *G&H Diversified Manufacturing, LP, et al.v. DynaEnergetics Europe GmbH, et al.,* **Civil Action No. 3:20-cv-00376**

Honorable Judge Brown,

In yet another attempt to get the last word, on March 30, 2021, counsel for Plaintiffs filed a responsive letter (Dkt. 40) to Defendants' March 29, 2021 letter (Dkt. 39), which simply noted that Plaintiffs had failed to seek leave to file a surreply (Dkt. 38) to Defendants' Motion to Dismiss or Transfer to the Western District of Texas (Dkt. 16). Rather than accept responsibility for its failure to seek leave to file a surreply, Plaintiffs yet again insist on having the final say and improperly argue the merits of the fully-briefed motion.

Plaintiffs continue to muddy the waters and argue that somehow the addition of Defendant Yellow Jacket Oil Tools "fundamentally changed" the case. It did not. Yellow Jacket was properly sued and venue is proper in the Western District of Texas in the first-filed action, as thoroughly explained in Defendants' Reply. Dkt. 35 at 2-3. No new evidence, arguments, or circumstances arose in Defendants' Reply that would warrant a surreply.

Plaintiffs admit there is no local rule permitting the filing of a surreply, and Plaintiffs do not distinguish the law cited by Defendants showing that courts in this district disfavor surreplies, and that surreplies are only permissible where leave is granted for good cause shown. Plaintiffs admit they did not seek leave. The shoot-first, ask-questions-later approach should not be countenanced.

The bottom line is that Defendants' Motion is a simple, straightforward motion – this patent litigation dispute was first filed and raised in the Western District of Texas. The Court need not get bogged down in the morass Plaintiffs have created surrounding venue, Rule 15, Section 1404, and other tangential issues. Plaintiffs' attempts to twist civil procedure rules beyond their breaking point to escape the Western District of Texas are transparent, but should not themselves generate a justification for filing an unauthorized surreply.

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

Honorable Jeffrey V. Brown
April 1, 2021
Page 2



      Again, should the Court believe a response to G&H's surreply would be helpful, DynaEnergetics is happy to provide one at the Court's request. Alternatively, DynaEnergetics would welcome a hearing on its Motion to Dismiss or Transfer (Dkt. 16).

Best regards,

Barry J. Herman

Attorney-in-Charge for Defendants /
Counterclaim-Plaintiffs