IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| G&H DIVERSIFIED MANUFACTURING, LP, § § § § Plaintiff, § § v. § § § Civil Action No. 3:20-cv-00376 DYNAENERGETICS EUROPE § GMBH, and DYNAENERGETICS § US, INC., § JURY TRIAL DEMANDED § § Defendants. § | |

### DEFENDANT G&H DIVERSIFIED MANUFACTURING, LP'S ANSWER TO COUNTER-CLAIM PLAINTIFFS' COUNTER-CLAIMS

Defendant G&H Diversified Manufacturing, LP ("G&H" or "Defendant") file this Answer to Plaintiffs' Counterclaim. Defendant's answer is only for Defendant G&H.[1] In support, Defendant states the following:

### I. THE PARTIES

1. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and therefore denies the same.

2. Defendant admits that Counterclaim-Plaintiff DynaEnergetics US has its headquarters at 2050 W. Sam Houston Parkway S., Suite 1750 Houston, TX 77042-3659.

---

[1] The statement in footnote 2 of the Counterclaim contains a legal conclusion to which a specific admission or denial is not required.

Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and therefore denies the same.

3.  Defendant admits that it is a Texas limited partnership with its principal place of business at 11927 Tanner Rd, Houston, TX 77041-6703. Defendant admits that the website available at https://www.ghdiv.com/contact lists 11660 Brittmoore Park Dr., Houston, Texas 77041 as its headquarters. However, Defendant has relocated its headquarters to 11927 Tanner Rd, Houston, TX 77041-6703.

4.  Defendant admits that Yellow Jacket Oil Tools, LLC ("Yellow Jacket") is a Texas limited liability company with a registered address of 11660 Brittmoore Park Dr., Houston, Texas 77041-6917. Defendant denies that Yellow Jacket owns or operates a website. Defendant admits that Yellow Jacket's registered agent may be served with process at 11927 Tanner Road, Houston, TX, 77041.

5.  Defendant admits that it has regular and established places of business in this District, including at 11660 Brittmore Park Dr., Houston, Texas. Defendant admits this address is listed on its websites www.ghdiv.com and www.yjoiltools.com. Defendant admits it operates a warehouse on property it leases at 4608 S County Road 1310, Odessa, TX 79765.

II. **JURISDICTION AND VENUE**

6.  Defendant admits that Paragraph 6 purports to state a claim for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. Defendant denies that Counterclaim-Plaintiffs' claim stated in Paragraph 6 has any merit.

7. Defendant admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over actions arising under the patent laws of the United States. Defendant denies the remaining allegations in Paragraph 7.

8. Defendant admits that it has its principal place of business in this District. Defendant admits that it owns Yellow Jacket. Defendant denies the remaining allegations in Paragraph 8.

9. Defendant admits it operates a warehouse on property it leases at 4608 S County Road 1310, Odessa, TX 79765, which is in the Western District of Texas. Defendant admits that it employs a Regional Service Manager for the Odessa Region. Defendant admits that it employs a sales manager who has traveled to the Permian Basin. Defendant admits that that it has sold the product referred to by the Counterclaim as the "YJOT Pre-Wired Perforating Gun" to customers who use the product referred to by the Counterclaim as the "YJOT Pre-Wired Perforating Gun" in the Permian Basin in Texas. Defendant admits that a large portion of the Permian Basin is located in the Western District of Texas. Defendant admits that Andrews, Crane, Ector, Jeff Davis, Loving, Martin, Midland, Pecos, Reeves, Upton, Ward, and Winkler counties are within the Western District of Texas. Defendant denies the remaining allegations in Paragraph 9.

10. Defendant admits that venue is proper in this District as to Defendant. Defendant denies the remaining allegation in Paragraph 10.

### III. FACTS

#### A. DynaEnergetics' Technology

11. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and therefore denies the same.

12. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and therefore denies the same.

13. Defendant admits that the '697 Patent is entitled "PERFORATION GUN COMPONENTS AND SYSTEM." Defendant admits that Exhibit A to Counterclaim-Plaintiffs' Answer and Counterclaim purports to be a copy of U.S. Patent No. 10,844,697 (the "'697 Patent"). Defendant admits that the face of the copy of the '697 Patent attached as Exhibit A to the Answer and Counterclaim states that it was issued on Nov. 24, 2020 and states that the Assignee of the '697 Patent is DynaEnergetics Europe GmbH. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13, and therefore denies the same.

14. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and therefore denies the same.

15. Defendant admits that Paragraph 15 recites the text of Claim 1 of the copy of the '697 Patent attached as Exhibit A to Plaintiffs' Answer and Counterclaim.

B.  **G&H and Yellow Jacket**

16. Defendant denies the allegations in Paragraph 16 as they pertain to Defendant Yellow Jacket. Defendant admits that it produces products in the field of perforating systems. Defendant admits that it has manufactured, distributed, sold, or offered to sell the product referred to in the Counterclaim as the "YJOT Pre-Wired Perforating Gun" in the

United States, including within the State of Texas and within this District. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant admits that it wholly owns Yellow Jacket. Defendant admits that Yellow Jacket was formed in 2015 under the name Yellow Jacket Equipment LLC, which was amended in 2019 to Yellow Jacket Oil Tools, LLC. Defendant admits that it is Yellow Jacket's managing and sole member. Defendant admits that it has the following officers: Chief Executive Officer, Edward C. Kash; President, James E. Kash; Chief Financial Officer and Secretary, John Kaiser. Defendant denies the remaining allegations in Paragraph 17.

18. Defendant admits that Exhibit E to Plaintiffs' Answer and Counterclaim purports to a copy of a portion of its website available at www.yjoiltools.com. Defendant admits that its website atwww.yjoiltools.com/Perforating-Guns/Pre-Wired-Perforating-Gun provides photographs of the product referred to in the complaint as the YJOT Pre-Wired Perforating Gun. Defendant denies that the website and content thereof referenced in Paragraph 18 were or are owned, created, maintained, operated, or published by Yellow Jacket or are otherwise affiliated with Yellow Jacket.

19. Defendant admits that its website www.yjoiltools.com/Perforating-Guns/Pre-Wired-Perforating-Gun provides a link to a downloadable PDF with the name "YJOT_Pre-Wired Perforating Guns.pdf." Defendant admits that Exhibit F to Plaintiffs' Answer and Counterclaim appears to be a copy of this PDF. Defendant denies that the website and PDF file referenced in Paragraph 19 were or are owned, created, maintained, operated, or published by Yellow Jacket or are otherwise affiliated with Yellow Jacket.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant admits that the photograph shown in paragraph 21 is also shown in Exhibit F to Counterclaim-Plaintiffs' Answer and Counterclaim. Defendant admits the second picture shown in Paragraph 21 is a still image of a video that was available on the YouTube website and appears to have annotations added by Counterclaim-Plaintiffs. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21, and therefore denies the same.

22. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22, and therefore denies the same.

23. Defendant admits that the photograph shown in paragraph 23 is also shown in Exhibit E to Counterclaim-Plaintiffs' Answer and Counterclaim. Defendant admits the second picture shown in Paragraph 23 is a still image of a video that was available on the YouTube website and appears to have annotations added by Counterclaim-Plaintiffs. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23, and therefore denies the same.

24. Defendant admits that the photograph shown in paragraph 24 is also shown in Exhibit F to Counterclaim-Plaintiffs' Answer and Counterclaim. Defendant admits the second and third pictures shown in Paragraph 24 are still images of a video that was available on the YouTube website and appears to have annotations added by Counterclaim-Plaintiffs. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24, and therefore denies the same.

25. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25, and therefore denies the same.

26. Defendant admits that Jimmy Kash received a letter dated September 11, 2020. Defendant admits that letter referred to U.S. Patent Application 16/585,790 (the "'790 Application"). Defendant admits that it interpreted the September 11, 2020 letter addressed to Jimmy Kash as a threat of infringement against Defendant. Defendant admits that Exhibit G to Plaintiffs' Answer and Counterclaim appears to be a copy of this letter. Defendant admits that Counterclaim-Plaintiffs filed a patent infringement action against it in the Western District of Texas on December 4, 2020. Defendant admits that the '697 Patent issued from the '790 Application. Defendant admits that prior to the filing of this action, it did not respond to the letter dated September 11, 2020. Defendant denies the remaining allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

### IV. COUNT I – INFRINGEMTNT OF THE '697 PATENT

28. Defendant restates and incorporates each of its responses in the preceding paragraphs as if fully stated herein.

29. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and therefore denies the same.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

### V.     ATTORNEYS' FEES

34.     Defendant denies the allegations in Paragraph 34.

### VI.    JURY DEMAND

35.     Counterclaim-Plaintiffs' demand for a jury trial does not require a response by Defendant.

### PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs A–F of Plaintiffs' Prayer for Relief.

### DEFENSES

Defendant incorporates by reference as if fully set forth herein its responses to Paragraphs 1–35 of Counterclaim-Plaintiffs' Counterclaim portion of Counterclaim-Plaintiffs' Answer and Counterclaim. To the extent not expressly admitted above, Defendant denies the factual allegations contained in the Counterclaim. Without assuming any burden other than that imposed by operation of law and without reducing or removing Counterclaim-Plaintiffs' burdens of proof on its affirmative claims, Defendant alleges and asserts the following defenses in response to Counterclaim-Plaintiffs' Counterclaim and Counterclaim-Plaintiffs' assertion of infringement of the '697 Patent, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition, Defendant specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### FIRST SEPARATE DEFENSE
### (FAILURE TO STATE A CLAIM)

1. Counterclaim-Plaintiffs have failed to state a claim upon which relief can be granted.

**SECOND SEPARATE DEFENSE**
**(NON-INFRINGEMENT)**

2. Defendant has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '697 Patent, whether directly, indirectly, contributorily, by inducement, individually, jointly, willfully, or otherwise.

**THIRD SEPARATE DEFENSE**
**(INVALIDITY)**

3. The claims of the '697 Patent are invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by 35 U.S.C. §§ 101, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions as will be explained in Defendant's P.R. 3-3 Disclosure of Invalidity Contentions and Defendant's Ineligibility Contentions.

**FOURTH SEPARATE DEFENSE**
**(PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER)**

4. Counterclaim-Plaintiffs are precluded from construing any valid claim of the '697 Patent to be infringed, literally or under the Doctrine of Equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of the '697 Patent, (b) in the

specification and claims of the '697 Patent, and/or (c) during the prosecution of patents and applications related to the '697 Patent.

### FIFTH SEPARATE DEFENSE
### (NO WILLFUL OR EGREGIOUS INFRINGEMENT)

5. Counterclaim-Plaintiffs are not entitled to enhanced damages under 35 U.S.C. § 284, at least because Counterclaim-Plaintiffs have failed to show, and cannot show, that any infringement has been willful and/or egregious.

### SIXTH SEPARATE DEFENSE
### (LIMITATION ON DAMAGES)

6. Counterclaim-Plaintiffs' claims for relief are statutorily limited in whole or in part by 35 U.S.C. § 286.

7. To the extent that Counterclaim-Plaintiffs or any licensee of the '697 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendant's actions allegedly infringed any claim of the '697 Patent, Defendant is not liable to Counterclaim-Plaintiffs for the acts alleged to have been performed before Defendant received actual notice of infringement. On information and belief, Counterclaim-Plaintiffs' claims are barred, in whole or in part, or otherwise limited pursuant to 35 U.S.C. § 287.

### SEVENTH SEPARATE DEFENSE
### (COSTS)

8. Counterclaim-Plaintiffs are precluded by 35 U.S.C. § 288 from recovering costs associated with its action.

## EIGHTH SEPARATE DEFENSE
## (NO ENTITLEMENT TO INJUNCTIVE RELIEF)

9. Counterclaim-Plaintiffs are not entitled to injunctive relief. Under *eBay v. MercExchange*, LLC, 126 S. Ct. 1837, 547 U.S. 388 (2006) any alleged injury to Counterclaim-Plaintiffs would not be immediate or irreparable, Counterclaim-Plaintiffs would have an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

## NINTH SEPARATE DEFENSE

10. Counterclaim-Plaintiffs' counterclaims against Defendant constitute an exceptional case under 35 U.S.C § 285.

## DEFENDANT'S DEMAND FOR JURY TRIAL

11. Defendant hereby demands a trial by jury of all issues so triable.

## DEFENDANT'S PRAYER FOR RELIEF

Defendant, reserving its right to amend the pleadings to add counterclaims and further defenses, if warranted by discovery, prays for the following relief:

A. A finding that Defendant does not infringe the asserted claims of the '697 Patent;

B. A finding that the asserted claims of the '697 Patent are invalid;

C. A judgment that Counterclaim-Plaintiffs' Complaint be dismissed with prejudice, and that Counterclaim-Plaintiffs take nothing by its Complaint;

F. Such other and further relief, whether legal, equitable, or otherwise, as the Court deems just and proper.

Dated: April 19, 2021                Respectfully submitted,

/s/ *Amir Alavi*
Amir Alavi, *Attorney-in-Charge*
State Bar No.: 00793239
Southern District ID No. 20910
Todd Mensing
State Bar No.: 24013156
Southern District ID No. 302944
Michael McBride
State Bar No.: 24065700
Southern District ID No. 3554928
Colin Phillips
State Bar No.: 24105937
Southern District ID No. 3576569
Joshua Wyde
State Bar No.: 24060858
Southern District ID No. 873284
Steven Jugle
State Bar No. 24083280
Southern District ID No. 3633066
Michael Killingsworth
State Bar No. 24110089
Southern District ID No. 3372610
**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.**
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
aalavi@azalaw.com
tmensing@azalaw.com
mmcbride@azalaw.com
cphillips@azalaw.com
jwyde@azalaw.com
sjugle@azalaw.com
mkillingsworth@azalaw.com

**ATTORNEYS PLAINTIFF FOR G&H DIVERSIFIED MANUFACTURING, LP.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 19, 2021, a copy of the foregoing was served on the following party electronically through the U.S. District Court, Western District of Texas ECF system to all counsel of record all of whom are Filing Users of the Court's Electronic Filing System.

                                            */s/ Amir Alavi*
                                            Amir Alavi