**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| G&H DIVERSIFIED MANUFACTURING, LP<br>        Plaintiff/Counterclaim-Defendant,<br><br>and<br><br>YELLOW JACKET OIL TOOLS, LLC<br>        Counterclaim-Defendant<br><br>        v.<br><br><br>DYNAENERGETICS EUROPE GMBH, and<br>DYNAENERGETICS US, INC.,<br><br>        Defendants/Counterclaim-Plaintiffs. | Civil Action No: 3:20-CV-376 |

## <u>DEFENDANTS' OPPOSED MOTION TO STAY</u>

Defendants DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics") respectfully move to stay this case (the "SDTX Case").[1] The Western District of Texas has held that Plaintiff G&H Diversified Manufacturing LP ("G&H") is properly subject to venue and jurisdiction in Waco and that first-filed case, which involves the same parties, patent, and accused product, is proceeding.  G&H has

---

[1] DynaEnergetics has conferred with G&H regarding this motion and G&H has represented that it would consent to a stay only if DynaEnergetics agreed to dismissal of the claims against Yellow Jacket on unreasonable terms as discussed in DynaEnergetics' contemporaneously filed Motion to Dismiss. *See* Exhibit A.

filed a Petition for Writ of Mandamus to the Court of Appeals for the Federal Circuit.  Once the petition is resolved, the SDTX Case can be dismissed.

## I.   INTRODUCTION

Courts in this Circuit have a longstanding practice of deferring to the Court in which an action is first filed to determine whether later-filed cases involving similar parties and issues should proceed.  Here, the reasons for doing so are clear: (1) DynaEnergetics has moved to dismiss or transfer this case to the Western District of Texas ("WDTX") in favor of the first-filed action pending there, which motion remains pending; (2) the WDTX has considered and denied G&H's motion to transfer the claims against it to this Court; (3) as a Hail Mary, G&H has petitioned the Federal Circuit for the extraordinary relief of a writ of mandamus challenging the WDTX's decision to retain jurisdiction over G&H; and (4) the parties are on the precipice of submitting substantive claim construction pleadings to this Court regarding issues which will ultimately be adjudicated by the WDTX.  Any further efforts towards adjudication of the pending disputes before this Court are, therefore, wasteful at this time.  DynaEnergetics simply seeks a short-term stay pending a decision from the Court of Appeals for the Federal Circuit (on which briefing is set to complete by August 30, 2021, and a decision expected shortly thereafter) to avoid duplicative litigation and to conserve the parties' and the Court's resources.  If the appellate court denies the petition, as expected, then the SDTX Case can be dismissed.

Notably, this exact relief was recently granted by Judge Rosenthal in a similarly situated case between DynaEnergetics and another defendant represented by G&H's counsel where Judge Albright <u>has not yet ruled</u> on the defendant's motion to dismiss.  *See*

Exhibit B, *NexTier Completion Solutions Inc. v. DynaEnergetics Europe GmbH et al.*, No. H-21-1328 (S.D. Tex.), Dkt. 40 at 4-5.  It simply does not make sense for the parties or the Court to expend resources on the SDTX Case since the WDTX has already denied G&H's motion to dismiss.

## II.    FACTUAL BACKGROUND

This case arises out of DynaEnergetics' claims of infringement of U.S. Patent No. 10,844,697 (the "'697 Patent") against G&H and Yellow Jacket Oil Tools, LLC ("Yellow Jacket").  DynaEnergetics first raised the issue of Yellow Jacket's infringement in a September 11, 2020 letter addressed to Mr. Jimmy Kash, President of Yellow Jacket, which notified Yellow Jacket that DynaEnergetics is the owner of the '697 Patent (then the '790 application) and that Yellow Jacket was making, using, importing, and/or selling perforating guns and equipment in the United States that infringed on one or more claims of DynaEnergetics' patents or patent applications, including the '697 Patent.  After not receiving a response to its letter, DynaEnergetics filed suit against Yellow Jacket for infringement of the '697 Patent in the Western District of Texas (the "WDTX Case") on December 4, 2020.  *DynaEnergetics Europe GmbH v. Yellow Jacket Oil Tools, LLC*, Case No. 6:20-cv-01110-ADA (W.D. Tex.), Dkt. 1.  Despite being fully aware of DynaEnergetics' claims against Yellow Jacket, G&H—a separate but closely related entity to Yellow Jacket—filed the present anticipatory declaratory judgment action against DynaEnergetics in the Southern District of Texas ("SDTX") on December 14, 2020.  Dkt. 1. DynaEnergetics moved to dismiss or transfer this Case to the Western District of Texas

on February 12, 2021 under the first-to-file rule (Dkt. 16), which G&H opposed. Dkt. 27. DynaEnergetics' motion to dismiss or transfer is still pending before this Court.

Shortly after DynaEnergetics filed suit, Yellow Jacket moved to dismiss the WDTX Case for improper venue claiming, *inter alia*, that Yellow Jacket is merely a holding company that "has no operations in this District at all" and that "each and every venue fact cited by DynaEnergetics relates to, a different company, G&H Diversified Manufacturing, LP[.]" *DynaEnergetics Europe GmbH v. Yellow Jacket Oil Tools, LLC*, Case No. 6:20-cv-01110-ADA (W.D. Tex.), Dkt. 16 at 1. In response, DynaEnergetics filed an Amended Complaint adding G&H as a Defendant and alleging facts suggesting that Yellow Jacket is merely an alter ego of G&H such that venue in the WDTX is proper over both given G&H's connections to the forum. *Id.*, Dkt. 17. Defendants Yellow Jacket and G&H renewed their motion to dismiss or transfer the WDTX Case to this District on March 19, 2021 (*id.*, Dkt. 24), which DynaEnergetics opposed. *Id.*, Dkt. 26.

On August 5, 2021, Judge Albright issued his decision on Yellow Jacket and G&H's motion to dismiss or transfer. *Id.*, Dkt. 41 at 15 (attached hereto as Exhibit C). Judge Albright found that "[w]hile there are factors supporting an alter ego condition for G&H and Yellow Jacket" including a "murky corporate structure," "it is insufficient to overcome the presumed separation and substantial burden necessary to prove alter ego of the two companies." *Id.*, Dkt. 41 at 7-8. As a result of this conclusion, Judge Albright found that venue was improper against Yellow Jacket in the WDTX and ordered that the case against Yellow Jacket be transferred to this Court "if DynaEnergetics wishes to pursue [it]." *Id.* at 9. DynaEnergetics has made clear to Yellow Jacket that based on its representations and

4

the Court's decision in reliance on those representations, it does not intend to pursue any further claims against Yellow Jacket, including those in the transferred case or the counterclaims at issue in this action.  *See* DynaEnergetics' Motion to Dismiss, filed concurrently herewith.

Most importantly with respect to the instant motion, Judge Albright found that the venue factors "do not support a transfer" of the claims against G&H to the SDTX and therefore "the case against G&H will remain in the WDTX in this Division."  *Id.*  On August 18, 2021, G&H submitted a petition for writ of mandamus to the Federal Circuit seeking review of Judge Albright's decision finding venue against G&H was proper in the WDTX and denying G&H's motion to transfer to the SDTX.  *See In re G&H Diversified Manufacturing, LP*, No. 2021-176 (Fed. Cir. Aug. 18, 2021), attached hereto as Exhibit D. The following day, Yellow Jacket notified DynaEnergetics that it intended to move to transfer the recently-transferred case from the Houston Division of the SDTX to the Galveston Division where it could be consolidated with the declaratory judgment action filed by G&H.  *See* Exhibit A at 6. Counsel for DynaEnergetics responded by proposing that the parties stipulate to Yellow Jacket's dismissal from the SDTX Case with prejudice and circulated draft stipulations to Yellow Jacket's counsel for approval.  *Id.*  Yellow Jacket has responded by ***refusing to agree to a dismissal of the claim against it with prejudice*** on reasonable terms.  *See* Exhibit A at 4.

## III.   ARGUMENT

"The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving

substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citations omitted); *see also Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) (explaining generally that "the court initially seized of a controversy should be the one to decide whether it will try the case"). To allow time for the first-filed court to evaluate issues related to the first-to-file rule, the second-filed action may be stayed. *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 n.1 (5th Cir. 1985); *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) ("Under the first-to-file rule, a district court may choose to stay, transfer, or dismiss a duplicative later-filed action.").[2] Indeed, "[a] second-filed court plays a limited role when presented with a motion to transfer or stay based on the first-to-file rule." *Stannard v. Nat'l Indoor RV Ctrs., LLC*, No. 4:18-CV-00366, 2018 WL 3608560, at *1 (E.D. Tex. July 27, 2018) (citation omitted).

In this case, Judge Albright has conclusively determined that the WDTX will retain and adjudicate DynaEnergetics' patent infringement claims against G&H. A claim construction schedule has been determined in that action and it is proceeding towards adjudication. As a Hail Mary to avoid Judge Albright's jurisdiction, Defendant G&H has filed a petition for writ of mandamus with the Federal Circuit seeking review of Judge Albright's order finding venue proper in the WDTX and denying G&H's motion to transfer the claims against it to this District. *See* Exs. C and D. The Federal Circuit's decision on

---

[2] The law relating to the first-to-file rule, including its applicability to this case, has been extensively covered in DynaEnergetics' briefing on its motion to dismiss or transfer and therefore is only restated in part herein. *See, e.g.*, Dkts. 16 and 35.

that petition will fully and finally resolve the issue of which of the two jurisdictions in which claims are currently pending is proper under the circumstances. Until the Federal Circuit renders its decision, this Court should defer to the WDTX.  The compelling reasons for doing so are clear: (1) the law counsels that the second-filed court is to defer to the first-filed court on such issues; and (2) staying this case pending the Federal Circuit's decision on G&H's writ of mandamus will conserve the parties and the courts' resources and eliminate the risk of wasteful and duplicative litigation.  This is especially true where, like here, the cases involve the same patent, the same accused product, and identical parties.  It will also reduce or eliminate the possibility of inconsistent results which would occur if this Court proceeds with claim construction and discovery and the Federal Circuit later determines (as it should) that venue as to G&H is proper in the Western District of Texas and the case should proceed there under the first-to-file rule.[3]

Under nearly identical circumstances involving a first-filed patent infringement suit and a second-filed declaratory judgment action involving the same allegations of infringement, the same patent, and the same parties, Judge Rosenthal of the SDTX ordered that the second-filed declaratory judgment action be stayed and administratively closed under the first-to-file rule pending a decision in the first-filed action on the appropriate venue.  *See* Exhibit B, *NexTier Completion Solutions Inc. v. DynaEnergetics Europe*

---

[3] Importantly, the instant motion is not the first time that DynaEnergetics has raised the possibility of staying this case.  Indeed, DynaEnergetics has conferred at length with G&H regarding the impact of Judge Albright's decision on this second-filed suit and has previously indicated that it intended to move for a stay of this case.  *See* Exhibit A; Exhibit E.

*GmbH et al.*, No. H-21-1328 (S.D. Tex.), Dkt. 40 at 4-5.  As Judge Rosenthal aptly noted, it is "appropriate to permit the court of first filing to rule on a motion to transfer . . . if [the Western District] transfers the first-filed action, the stay could be lifted and the actions consolidated. If the transfer is denied, however, the stay could be lifted and the second-filed action dismissed or transferred." *Id.* (citing *W. Gulf Mar. Ass'n*, 751 F.2d at 729 n.1). Judge Rosenthal's reasoning is even more persuasive where, like here, the Court in which the action was first filed has already determined that the case should proceed in that District and not in the district in which the second action was filed.

For at least these reasons, the Court should stay the proceedings in this Case until the Federal Circuit determines whether venue is proper in the Western District of Texas.

## IV.   CONCLUSION

For the reasons above, DynaEnergetics respectfully requests that the Court stay this Case pending a decision by the Federal Circuit on G&H's writ of mandamus.

Dated: August 24, 2021

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Barry J. Herman*
Barry J. Herman (*pro hac vice*)
Admitted to the Maryland State Bar
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com

*Attorney-in-Charge for Plaintiffs*
*DynaEnergetics GmbH & Co., KG and*
*DynaEnergetics US, Inc.*

OF COUNSEL:

WOMBLE BOND DICKINSON (US) LLP
Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com

WOMBLE BOND DICKINSON (US) LLP
Stephanie Nguyen (*pro hac vice* to be filed)
DC Bar No. 1046300
Julie Giardina (*pro hac vice* to be filed)
Admitted to the Maryland State Bar
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5800
Email: Stephanie.Nguyen@wbd-us.com
Email: Julie.Giardina@wbd-us.com

MOYLES IP, LLC
Lisa J. Moyles (*pro hac vice* to be filed)
Connecticut State Bar No. 425652
Jason M. Rockman (*pro hac vice* to be
filed)
New York Bar No. 4450953

One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com

RUSTY HARDIN & ASSOCIATES, LLP
Megan C. Moore
Federal Bar No. 963966
Texas Bar No. 24054322
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Email: mmoore@rustyhardin.com

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties have conferred on the relief requested in this Motion

and could not agree as noted in the Motion and reflected in the attached Exhibit A.

*/s/ Megan C. Moore*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2021, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF system, which will send

notification of such filing *via* electronic mail to all counsel of record.

*/s/ Megan C. Moore*

10