**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| G&H DIVERSIFIED MANUFACTURING, LP<br>        Plaintiff/Counterclaim-Defendant,<br>and<br><br>YELLOW JACKET OIL TOOLS, LLC<br>        Counterclaim-Defendant<br><br>v.<br><br>DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC.,<br><br>        Defendants/Counterclaim-Plaintiffs. | Civil Action No: 3:20-CV-376 |

**DYNAENERGETICS' MOTION TO DISMISS ITS CLAIMS
AGAINST YELLOW JACKET WITH PREJUDICE**

Defendants/Counterclaim-Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics") move to dismiss their claims against Counterclaim-Defendant Yellow Jacket Oil Tools, LLC ("Yellow Jacket") with prejudice.

**BACKGROUND**

The procedural posture of this case is needlessly complicated because of the blatant forum shopping and vexatious litigation by Plaintiff/Counterclaim-Defendant G&H Diversified Manufacturing, LP ("G&H"), the parent company of Yellow Jacket.

G&H filed its declaratory judgment action, 3:20-CV-376 (the "DJ Action"),[1] in the Southern District of Texas ("SDTX") ten days *after* DynaEnergetics filed its patent infringement claims against G&H's wholly-owned subsidiary, Yellow Jacket, in the Western District of Texas ("WDTX").  To make sure all parties were appropriately joined, DynaEnergetics amended its complaint to add G&H as a defendant in the WDTX action and included counterclaims against Yellow Jacket in the SDTX DJ Action. DynaEnergetics moved to dismiss or transfer the SDTX DJ Action to the WDTX because the WDTX was a proper venue to adjudicate the dispute and was the first-filed case.  *See* Dkt. No. 16.  That motion remains pending.  G&H and Yellow Jacket moved to dismiss or transfer the WDTX action to the SDTX, arguing that venue was not proper in the WDTX.

On August 5, 2021, Judge Albright in the WDTX issued his opinion on the venue issues.  *See DynaEnergetics Europe GmbH v. Yellow Jacket Oil Tools, LLC*, Case No. 6:20-cv-01110-ADA (WDTX), Dkt. No. 41 (attached hereto as Exhibit A).  He denied G&H's motion to dismiss or transfer, finding that venue in the WDTX was appropriate as to G&H.  *See id.* at 15.  While agreeing that "there are factors supporting an alter ego condition for G&H and Yellow Jacket," Judge Albright did not find them sufficient to exercise venue over Yellow Jacket.  *See id.* at 7-8.  Therefore, the court granted Yellow Jacket's motion to transfer and transferred venue to the SDTX (the "Transferred Action").  *See id.* at 15.   The Transferred Action, 4:21-cv-02599, is currently pending

---

[1] The DJ Action is the above-captioned case.  It is referred to herein as the DJ Action for ease of reference as a substantially similar Motion is being concurrently filed in the "Transferred Action" referenced below.

before Judge Hanen in the Houston Division.

In light of Judge Albright's decision, DynaEnergetics informed Yellow Jacket, who is represented by the same counsel representing G&H, that DynaEnergetics intended to dismiss its claims against Yellow Jacket without prejudice in both the DJ Action and the Transferred Action. *See* Ex. B at 4. But Yellow Jacket refused to agree to a dismissal without prejudice. *See id.* at 3. Instead—and despite knowing that DynaEnergetics intended to dismiss its claims against it—Yellow Jacket chose to prolong the litigation by filing frivolous counterclaims against DynaEnergetics in the Transferred Action (either to avoid a dismissal under Federal Rule of Civil Procedure 41(a)(2) or to gain a perceived tactical advantage in the ongoing venue dispute—or both). *See DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. v. Yellow Jacket Oil Tools, LLC*, No. 4:21-cv-02599, Dkt. No. 43. In doing so, Yellow Jacket claimed that an actual controversy existed between the parties because DynaEnergetics sought to dismiss its claims without prejudice instead of with prejudice. *Id.* at 10-11.

To avoid wasting even more time on what should have been a straightforward stipulation of dismissal, DynaEnergetics agreed to dismiss its claims against Yellow Jacket in both pending SDTX actions with prejudice, thereby mooting Yellow Jacket's counterclaims in the Transferred Action. And in an effort to expedite the process further, DynaEnergetics drafted and sent to Yellow Jacket two stipulations of dismissal with prejudice, one for the DJ Action and one for the Transferred Action. *See* Exs. C-D; *see also* Ex. E at 6. The stipulations included language that both sides would bear their own costs and fees, as well as an acknowledgement by Yellow Jacket and G&H that the

dismissal would have no preclusive effect on the still-pending claims against G&H. Neither provision should have been controversial in any way. After all, Yellow Jacket was obtaining the very relief it sought in its counterclaims—a dismissal of DynaEnergetics' claims against it with prejudice.

Nevertheless, on August 23, 2021, Yellow Jacket responded with more baseless allegations against DynaEnergetics. *See* Ex. E at 4. While agreeing to a dismissal with prejudice as to DynaEnergetics' claims, Yellow Jacket refused to dismiss its counterclaims in the Transferred Action with prejudice, claiming that it would only agree to a dismissal without prejudice. *See id.* Yellow Jacket also refused to include the additional language DynaEnergetics proposed in the draft stipulations. *See id.* Yellow Jacket's conditions on dismissal are baseless.

## **ARGUMENT**

**1.    The Court should enter an order of dismissal on the terms proposed by DynaEnergetics, not Yellow Jacket.**

As noted above, the parties agree to dismissal of the claims by and against Yellow Jacket in both pending SDTX actions. They disagree over the terms of those dismissals. DynaEnergetics' proposal—a reciprocal dismissal *with* prejudice, the express allocation of attorneys' fees and costs, and language to protect against any preclusive effect of the dismissal—is reasonable and necessary. Yellow Jacket's proposal, on the other hand, is neither.

First, Yellow Jacket's insistence that its counterclaims in the Transferred Action be dismissed without prejudice while DynaEnergetics' claims in both the Transferred

Action and the DJ Action be dismissed with prejudice is indefensible.  Yellow Jacket's counterclaims are rendered moot with the dismissal of DynaEnergetics' claims with prejudice (*see* Section 2 below), and thus Yellow Jacket has no claims to preserve via a dismissal without prejudice.

Second, Yellow Jacket's request that the stipulation remain silent regarding the allocation of attorneys' fees and expenses only invites further controversy.  In contrast, DynaEnergetics' proposal clarifies that both sides bear their own attorneys' fees and costs, which is standard in a stipulation of dismissal.

Third, Yellow Jacket's refusal to agree to language clarifying that the dismissals do not have any preclusive effect only underscores the necessity of this language in the dismissal proposed by DynaEnergetics.  This is especially true considering the "murky corporate structure" between G&H and Yellow Jacket.  *See* Ex. A at 8.  Yellow Jacket and G&H cannot be allowed to leave the door open to argue that DynaEnergetics' dismissal of its claims against Yellow Jacket—which are based entirely on Yellow Jacket's own representations that it conducts no activities relating to the accused products and Judge Albright's reliance on them—has any preclusive effect on the remaining claims against G&H, which admits that it makes, uses, sells, or offers for sale the products accused of infringement in the pending actions.

For these reasons, the Court should dismiss DynaEnergetics' counterclaims against Yellow Jacket in the DJ Action with prejudice in the manner proposed by DynaEnergetics in the attached proposed order.

    **2.**    **The Court should dismiss Yellow Jacket's counterclaims in the Transferred Action with prejudice because they are moot.**

A threshold question in any case is whether the court has subject matter jurisdiction over the pending controversy. *See* U.S. Const. Art. 3, § 2, cl. 1. The Constitution mandates federal courts to resolve only the "legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (quoting *Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (internal quotations omitted)). An actual controversy must exist at all stages of review−not merely at the time the complaint is filed. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). "Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).

In the Transferred Action, DynaEnergetics' agreement to dismiss its claims against Yellow Jacket with prejudice eliminates the controversy between the parties because Yellow Jacket predicated its counterclaims on DynaEnergetics not initially agreeing to dismiss its claims with prejudice. Dkt. No. 43 at 10-11. As a result, Yellow Jacket's counterclaims are moot and must be dismissed. *See Genesis Healthcare Corp.*, 569 U.S. at 72 ("If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot."); *see also* Fed. R. Civ. P. 12(h) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

## <u>CONCLUSION</u>

For the reasons set forth above, DynaEnergetics respectfully moves this Court to dismiss with prejudice all claims asserted by DynaEnergetics against Yellow Jacket in the DJ Action on the terms set forth by DynaEnergetics in the attached proposed order and for any additional relief, in law or equity, to which it may show itself justly entitled.

Dated: August 24, 2021

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Barry J. Herman* _____
Barry J. Herman (*pro hac vice*)
Maryland Federal Bar No. 26061
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com

*Attorney-in-Charge for Defendants DynaEnergetics GmbH & Co., KG and DynaEnergetics US, Inc.*

OF COUNSEL:

WOMBLE BOND DICKINSON (US) LLP
Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com

WOMBLE BOND DICKINSON (US) LLP
Stephanie M. Nguyen (*pro hac vice* to be filed)
DC Bar No. 1046300
Julie C. Giardina (*pro hac vice* to be filed)
Maryland Federal Bar No. 21085

100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5873
Email: Stephanie.Nguyen@wbd-us.com
Telephone: (410) 545-5802
Email: Julie.Giardina@wbd-us.com

MOYLES IP, LLC
Lisa J. Moyles (*pro hac vice* to be filed)
Connecticut State Bar No. 425652
Jason M. Rockman (*pro hac vice* to be filed)
New York Bar No. 4450953
One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com

RUSTY HARDIN & ASSOCIATES, LLP
Megan C. Moore
Federal Bar No. 963966
Texas Bar No. 24054322
Terry Kernell
Federal Bar No. 15074
Texas Bar No. 11339020
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Email: mmoore@rustyhardin.com
Email: tkernell@rustyhardin.com

## **CERTIFICATE OF CONFERENCE**

I hereby certify that that the parties have communicated extensively about the issues raised in this Motion, including in emails dated August 10-24, 2021, and were unable to resolve the dispute without Court intervention.

*/s/ Megan C. Moore*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing *via* electronic mail to all counsel of record.

*/s/ Megan C. Moore*